DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| ABIEL OSORIO COTTO, BENJAMIN OSORIO, LUIS ENRIQUE CAMACHO MATTOS, DAVID PAUL GATREAUX, JEREMY SANTOS RAMIREZ, NORBERTO RIVERA FRESE, RAFAEL ERNESTO PASTRANA LUGO and DAVID LAMBERT,<br><br>          Plaintiffs,<br><br>          v.<br><br>TJ SUTTON ENTERPRISES, LLC c/b/a TJ SUTTON, LLC; AECOM, INC.; AECOM CARIBE, LLP; CITADEL RECOVERY SERVICES, LLC; BLUEWATER CONSTRUCTION, INC. d/b/a BLUEWATER STAFFING COMPANY; THOMAS J. SUTTON; CELESTINO A. WHITE, SR. d/b/a CELESTINO WHITE CONSULTING & MANAGEMENT FIRM; JOHN DOE and JANE DOE (landlords),<br><br>          Defendants. | Case Nos. 3:21-cv-0016 |

**ORDER**

**BEFORE THE COURT** is All Plaintiffs' Petition for Permission to Bring an Interlocutory Appeal pursuant to Federal Rule of Appellate Procedure 5 and 28 U.S.C. § 1292. (ECF No. 77.) Defendants Citadel Recovery Services, LLC ("Citadel"), AECOM Caribe, LLP ("AECOM Caribe"), and AECOM, Inc. ("AECOM, Inc.") oppose the motion, ECF Nos. 82 and 85, and Plaintiffs replied to the oppositions, ECF No. 90. For the reasons stated below, the Court will deny Plaintiff's petition for interlocutory appeal.

Reflecting the "strong federal policy in favor of resolving disputes through arbitration," *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 219 (3d Cir. 2014), section 16 of the Federal Arbitration Act (the "FAA") permits appeal from an order denying arbitration but not from an interlocutory order compelling arbitration without permission from the court. *See* 9 U.S.C. § 16(a)(1)(A)-(B), (b)(1)-(3) ("An appeal may be taken from an order denying a

petition under section 4 of this title to order arbitration to proceed; [or] denying an application under section 206 of this title to compel arbitration . . . . Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order granting a stay of any action under section 3 of this title; directing arbitration to proceed under section 4 of this title; [or] compelling arbitration under section 206 of this title . . . .") When a district court judge finds that a court order that is not otherwise appealable "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the judge may, at his discretion, permit appeal of the order. 28 U.S.C. § 1292(b). The Federal Rules of Appellate Procedure provide that a petition for permission to file an interlocutory appeal must include "(A) the facts necessary to understand the question presented; (B) the question itself; (C) the relief sought; (D) the reasons why the appeal should be allowed and is authorized by a statute or rule; and (E) an attached copy of [the order]." Fed. R. App. P. 5(b).

On May 13, 2021, Citadel filed a Motion to Stay Proceedings and Compel Arbitration. (ECF No. 46.) On even date, AECOM Caribe and AECOM, Inc. (collectively, "AECOM") filed a Motion to Compel Arbitration and Stay Proceedings. (ECF No. 47.) In their motions, Citadel and AECOM argued that section 6.6.2 of the Master Subcontract (the "MSA") requires arbitration of "all disputes and other matters in question, of any kind, related to or arising out of this Agreement" if AECOM elects to resolve the dispute by arbitration rather than by litigation. (ECF Nos. 46 at 6-7; 47 at 2-3.) Further, "[u]pon any election by AECOM to proceed in Arbitration, any issues regarding the arbitrability of any dispute shall be determined by the arbitrator(s)." MSA § 6.6.2. In their motions, Citadel and AECOM contended that Plaintiffs, as third-party beneficiaries of the contracts, are bound by this agreement because "each subsequent contract either incorporates the MSA and other documents by reference, or contains its own arbitration clause." (ECF No. 69 at 3.)

In opposition, Plaintiffs argued that they are exempt from arbitration under the FAA's residual clause as "workers engaged in foreign or interstate commerce." (ECF No. 50 at 2.) *See* 9 U.S.C. § 1 ("[N]othing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate

commerce.") Next, Plaintiffs argued that the arbitration clause does not apply to them because they had no written contract with Defendants, despite their repeated request for same, and therefore, they had no knowledge of the content of the contracts. Further, they argued that, as non-signatories, they "may not be compelled to arbitrate their claims," ECF No. 50 at 7, because they were not intended beneficiaries, but rather—at most—only indirect beneficiaries of the contracts between the Defendants.

In her Memorandum Opinion and Order of July 19, 2021, Magistrate Judge Miller first found the relevant contracts, including the MSA, to be valid and enforceable. (ECF No. 69 at 9.) The Magistrate Judge further found the language of section 6.6.2 of the MSA to "encompass[ ] the failure to pay claims that plaintiffs raise." *Id.* Additionally, because AECOM elected to resolve the disputes through arbitration rather than through litigation, "'any issues regarding the arbitrability of any dispute shall be determined by the arbitrator(s).'" *Id.* (quoting FAA § 6.6.2). As such, the Magistrate Judge found that the Court "'may not decide the arbitrability issue.'" (ECF No. 69 at 10) (quoting FAA § 6.6.2.)

As to Plaintiff's argument that they are exempt from arbitration under section 1 of the FAA, as workers engaged in interstate commerce, the Magistrate Judge found that Plaintiffs did not so allege in their pleadings and so failed to state a claim upon which relief could be granted under the Rule 12(b)(6) standard of review. As such, Plaintiffs are not exempt under the FAA. *Singh v. Uber Techs. Inc.*, 939 F.3d 210, 226 (3d Cit. 2019) (finding the pleadings and incorporated documents insufficient to support that the workers were engaged in interstate commerce or sufficiently related work).

Magistrate Judge Miller further found that under precedent case law, Plaintiffs are equitably estopped from asserting that the arbitration provision did not bind them, despite being non-signatories to the contract because they have accepted (and hope to yet reap) certain benefits under the same contracts. (ECF No. 69 at 12-13.) *See Sussman v. PCGNY Corp.*, Civ. Action No. 2013-0125, 2020 U.S. Dist. LEXIS 242674 at *24-25 (D.V.I. Dec. 28, 2020) (finding that a non-signatory to a contract was bound to arbitrate when it sought to take advantage of a warranty contained in that contract). Consequently, the Magistrate Judge concluded that an order compelling arbitration in the matter was appropriate.

In the Petition for Permission to Bring an Interlocutory Appeal, filed August 28, 2021, Plaintiffs present the following issues they believe to have been wrongly decided:

i. Where Plaintiffs were independent contractors involved in a federal disaster relief program, engaged in interstate commerce, they were exempt from being compelled to arbitrate under the [FAA], pursuant to 9 U.S.C. § 1.

ii. Where Defendants hid from Plaintiffs the existence of written contracts containing arbitration agreements, Plaintiffs never knew of or consented to arbitration provisions, and could not be forced to arbitrate, whether under a theory of third party benefits[,] estoppel or otherwise.

(ECF No. 77 at 4.)

Plaintiffs seek relief from the July 19, 2021 order compelling arbitration. Plaintiffs argue that the issues outlined above "involve controlling questions of law as to which there is substantial ground for difference of opinion" and that "an immediate appeal from the order may materially advance the ultimate termination of the litigation, as referral to arbitration can be entirely eliminated." *Id.* at 5. The Court disagrees.

Having not set forth in the pleadings or documents attached thereto that Plaintiffs were engaged in interstate commerce or related activity, Plaintiffs have not stated a claim upon which relief from arbitration can be granted. *See Singh*, 939 F.3d at 226. Likewise, case law does not support Plaintiffs' second assertion. "Where a signatory to an arbitration agreement attempts to bind a non-signatory, the Third Circuit has recognized that the correct test to be applied is whether 'the non-signatory knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement.'" *Sussman*, 2020 U.S. Dist. LEXIS 242674 at *24. This is the case even where a party has not yet reaped the expected benefits of a contract but seeks to enforce certain provisions thereof. *See E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 199-200 (3d Cir. 2001) (explaining that the "knowingly exploits theory" prevents a non-signatory who seeks to enforce provisions of a contract from being able to "cherry-pick" the provisions that benefit the party while avoiding other provisions of the contract, such as an arbitration clause).

*Cotto et al. v. TJ Sutton Enterprises, LLC et al.*
Case No. 3:21-cv-0016
Order
Page 5 of 5

      The Court finds that there is not substantial ground for difference of opinion on the issues presented by the petition and disagrees that an appeal from the interlocutory order of July 19, 2021 would materially advance the ultimate termination of the litigation. As such, in its discretion, the Court declines to issue a certificate of appealability from the Order.

      Accordingly, it is hereby

      **ORDERED** that the Petition for Permission to Bring an Interlocutory Appeal, ECF No. 77, is **DENIED.**

**Dated:** March 24, 2022

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**